IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE FULLER,** | |
| **Petitioner,** | |
| v. | Case No. 24-CV-01711-SPM |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Maurice Fuller, an inmate incarcerated at Federal Correctional Institution Leavenworth in Leavenworth, Kansas. (*See* Doc. 1). Fuller raises one claim of ineffective assistance of counsel. (*See id.*). For the following reasons set forth below, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On March 16, 2023, Fuller pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (a)(2), and 3147(l). *See United States v. Fuller*, No. 22-cr-30018-SPM (S.D. Ill. 2023) (Doc. 20). At that time, a stipulation of facts and a stipulation and consent to forfeiture were also filed. *Id.* (Docs. 21, 22). On July 24, 2023, this Court sentenced Fuller to a term of 157 months' incarceration, with 97 months to run concurrently to Counts 1 and 3 of Case No. 20-CR-30049-NJR (S.D. Ill. 2023) and 60 months to run consecutively to all other terms of incarceration. *United States v. Fuller*, No. 22-cr-30018-SPM (S.D. Ill. 2023) (Docs. 36, 38).

Fuller filed the instant § 2255 Petition attacking his sentence on July 15, 2024. (Doc. 1). He raises one main issue: whether his counsel was ineffective for advising him to plead guilty despite significant developments in Second Amendment jurisprudence. (*Id*., p. 4). He also seeks clarification of his judgment and commitment; specifically, he questions the Bureau of Prisons's calculated expiration of his sentence. (*Id*., p. 5). The United States responded on September 5, 2024. (*See* Doc. 8).

## APPLICABLE LEGAL STANDARDS

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)); *see Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004); *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). Section 2255 cannot be used as a substitute for a direct appeal or to relitigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003).

Section 2255 requires a court to vacate, set aside or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

Fuller raises a claim of ineffective assistance of counsel, which may be brought for the first time under a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Under the law of this Circuit, because counsel is presumed effective, Fuller "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995). Ineffective assistance of counsel claims are evaluated under the two-prong test first enumerated in *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984). *See McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland*, 466 U.S. at 690, 694). "The Sixth Amendment right of effective assistance of counsel applies to a criminal defendant's trial, sentencing, and the first appeal of right." *Jones v. Welborn,* 877 F. Supp. 1214, 1219 (S.D. Ill. 1994).

Under *Strickland*, the defendant "must demonstrate: (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" *Thompson v. Vanihel,* 998 F.3d 762, 767 (7th Cir. 2021) (quoting *Strickland*, 466 U.S. at 687). To satisfy the performance prong, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. To prove prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong will be fatal to the claim. *See Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990).

I. **Failure to File a Motion to Dismiss**

Fuller claims that his trial counsel was ineffective for failing to file a motion to dismiss his Indictment based upon the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); he argues that such a motion would have been successful and that the failure to file one prejudiced him. (*See* Doc. 1, p. 4).

Under *Strickland*, when claiming that trial counsel was ineffective for failure to file a motion, petitioner must prove that such motion would have been meritorious, given that a court must defer to counsel's articulated strategic reasons for the decision not to file said motion. *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). Only three judges in this circuit have determined § 922(g)(1) unconstitutional: Judges

Gettleman and Ellis in the Northern District of Illinois and Judge Yandle in the Southern District of Illinois.[1] *See United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill. 2023), *appeal docketed*, No. 23-3155 (7th Cir. Nov. 9, 2023); *United States v. Neal*, 715 F. Supp. 3d 1084 (N.D. Ill. 2024), *appeal docketed*, No. 24-1220 (7th Cir. Feb 13, 2024); *United States v. Taylor*, 2024 WL 245557 (S.D. Ill. Jan. 22, 2024), *appeal docketed*, No. 24-1244 (7th Cir. Feb. 16, 2024). Critically, all three decisions were handed down *after* Fuller plead guilty. Not only have district courts in the Seventh Circuit rejected constitutional challenges to § 922(g)(1), but at the time relevant in evaluating Fuller's counsel, no court had found to the contrary. Moreover, this Court has specifically and repeatedly rejected such challenges. *See, e.g.*, *Ware*, 22-CR-30096-SPM (Doc. 32); *United States v. Dean*, No. 22-CR-30117-SPM (S.D. Ill.) (Doc. 38); *United States v. Bowden*, No. 24-CR-30117 (S.D. Ill.) (Doc. 31). Therefore, any motion to dismiss at the time of Fuller's guilty plea challenging § 922(g)(1) would have been unsuccessful, rendering his counsel's decision to forego such a filing sufficient performance under *Strickland*.

## II. Clarification of Judgment and Commitment

Fuller also contests the calculation of the expiration of his sentence. (*See* Doc. 1, p. 5). When an inmate "is attacking the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced, habeas corpus is the right remedy." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (citations omitted). In this case, Fuller is attacking the length of his

---

[1] The Court conducted extensive review of the relevant cases on Westlaw in arriving at this conclusion.

confinement. Generally, it is the Bureau of Prisons that computes time credits under 18 U.S.C. § 3585(b) after the sentence is imposed. *United States v. Lemus-Rodriguez*, 495 F. App'x. 723, 726 (7th Cir. 2012) (citing *United States v. Wilson*, 503 U.S. 329, 333-35 (1992)). The relief Fuller seeks is not available through a § 2255 motion. It is only available through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's calculation of his sentence and filed in the district of incarceration after exhaustion of administrative remedies. *See United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019).

### EVIDENTIARY HEARING

Additionally, this Court finds that an evidentiary hearing is not essential. *See Almonacid,* 476 F.3d at 521 (7th Cir. 2007); *see also* RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, RULE 4 ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). Fuller failed to provide the Court with a detailed and specific affidavit that demonstrated the actual proof of the allegations in his § 2255 Petition. *See Galbraith,* 313 F.3d at 1009 (7th Cir. 2002) ("It is the rule of the court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations that go beyond mere unsupported allegations."). Thus, an evidentiary hearing is not warranted.

### CONCLUSION

For the reasons set forth above, Maurice Fuller's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Moreover, Fuller has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: June 20, 2025**

        **/s/ Stephen P. McGlynn**
        **STEPHEN P. McGLYNN**
        **U.S. District Judge**